34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack R. WILDEN; Marti Wilden, Plaintiffs-Appellants,
v.
COMBUSTION ENGINEERING, INCORPORATED, Defendant-Appellee,
and
WEYERHAEUSER COMPANY, Defendant.
 No. 94-1090.
 United States Court of Appeals, Fourth Circuit.
 Argued July 13, 1994.
Decided August 12, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CA-92-415-2)
 Argued: Stanley Eric Speckhard, Alexander, Ralston, Speckhard & Speckhard, Greensboro, NC, for Appellants.
 Argued: Richmond G. Bernhardt, Jr., Smith, Helms, Mulliss & Moore, Greensboro, NC. On brief: Rachel B. Hall, Elrod & Lawing, P.A., Greensboro, NC, for Appellees.
 M.D.N.C.
 AFFIRMED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Jack R. Wilden was injured when he fell from unanchored scaffolding boards while working for his employer, Combustion Engineering, Inc. Wilden and his wife sued Combustion Engineering for damages under the common law intentional tort theory set forth in Woodson v. Rowland, 407 S.E.2d 222 (N.C.1991). Woodson holds that an employee has a cause of action against his employer when the "employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct...." Id. at 228. After studying the briefs and the record, reviewing the various cases that have applied Woodson, and listening to oral argument, we agree with the district court that injury or death was not substantially certain to result from Combustion Engineering's conduct. See Wilden v. Combustion Engineering, Inc., No. 2:92CV00415 (M.D.N.C. Nov. 24, 1993). Accordingly, the judgment of the district court is affirmed.*
 
 AFFIRMED
 
 
 *
 When Wilden was injured, he and other employees of Combustion Engineering were repairing certain equipment owned by, and located on the property of, Weyerhaeuser Company. The Wildens joined Weyerhaeuser as a defendant, but the Wildens and Weyerhaeuser settled after this appeal was filed